**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 10:33 AM January 14, 2013**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| BRIAN WRIGHT, | ) | CASE NO. 11-63817 |
| | ) | |
| Debtor. | ) | ADV. NO. 12-6041 |
| _____ | ) | |
| PNC BANK, N.A., | ) | JUDGE RUSS KENDIG |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION (NOT** |
| BRIAN WRIGHT, | ) | **INTENDED FOR PUBLICATION)** |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Now before the Court is Plaintiff's motion for summary judgment ("motion"), filed on October 22, 2012, and Defendant's request to withhold judgment on summary judgment ("request"), filed on November 12, 2012.

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on April 4, 2012. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This proceeding is a core proceeding under 28 U.S.C. §157(b)(2)(I).

This opinion is not intended for publication or citation. The availability of this opinion, in

1

electronic or printed form, is not the result of a direct submission by the court.

This matter arises in the Chapter 7 bankruptcy of Brian Wright. On June 1, 2012, Plaintiff filed a complaint against Brian Wright ("Defendant" or "Debtor") seeking a finding of nondischargeability pursuant to 11 U.S.C. § 523(a)(2)(A) in the amount of $58,178.82 and attorney's fees.

Plaintiff alleges that Defendant obtained financing from it by false pretenses, a false representation, or actual fraud. Specifically, Plaintiff alleges that Defendant's father, Bruce Wright, applied for and obtained a line of credit in his name and doing business as Wright Trucking from Plaintiff on July 12, 2007. The line of credit became delinquent. Plaintiff filed a lawsuit against Bruce Wright in the Carroll County Court of Common Pleas on March 22, 2010 and obtained a judgment against Bruce Wright in the amount of $49,957.23 at the rate of 6.75% per year on May 25, 2010.

Plaintiff learned through depositions that Bruce Wright allegedly obtained the line of credit for Defendant, who was the actual owner and operator of Wright Trucking. Bruce Wright allegedly turned the funds over to Defendant for his personal benefit and the benefit of Wright Trucking and it was Defendant who failed to make payments on the line of credit. After learning this information, Plaintiff filed a complaint against Defendant in the Carroll County Court of Common Pleas on September 28, 2011, which alleged that Bruce Wright acted as the duly authorized agent for Defendant when obtaining credit for Defendant's benefit and the benefit of Wright Trucking. Plaintiff's complaint was stayed in Carroll County due to Defendant's filing of his chapter 7 petition on December 4, 2011.

Plaintiff then filed its complaint in this adversary proceeding seeking nondischargeability pursuant to § 523(a)(2)(A) against Defendant. On October 22, 2012, Plaintiff filed its motion seeking summary judgment against Defendant on its complaint. Plaintiff argues that Defendant obtained the line of credit through false pretenses because Bruce Wright testified that the line of credit was taken out for the use and benefit of Defendant in the operation of Wright Trucking.

On December 10, 2012, Defendant filed a brief in opposition to Plaintiff's motion, arguing that summary judgment is not appropriate because there is a genuine dispute of material facts. Specifically, Defendant argues that he did not obtain these funds and has no knowledge of the facts alleged by Plaintiff. Defendant also argues that the documents on which Plaintiff relies are signed only by Bruce Wright, not Defendant, and that there is no proof that Defendant signed for or received the funds that Bruce Wright obtained from Plaintiff.

On November 12, 2012, Defendant filed a request to withhold judgment on summary judgment until Plaintiff complied with discovery. Defendant alleged that on October 4, 2012 he propounded discovery on Plaintiff, which had not been answered as of the date of his request. Defendant requested that he be given fourteen (14) days after Plaintiff complied with the discovery requests to file a response to Plaintiff's motion.

On November 16, 2012, the Court entered an order requiring parties to confer regarding the outstanding discovery by no later than November 30, 2012. If the parties are unable to resolve the discovery issue, then Defendant shall file a motion to compel by no later than December 14, 2012. On December 10, 2012, Defendant filed his response to Plaintiff's motion and did not file a motion to compel. Accordingly, the Court will deny Defendant's request as moot and will decide Plaintiff's motion.

Federal Rule of Civil Procedure 56(a), applicable to this proceeding by way of Federal Rule of Bankruptcy Procedure 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is not appropriate if a material dispute of the facts arises such that a "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Under 11 U.S.C. § 523(a)(2)(A), a debt is nondischargeable if credit or an extension or renewal of credit was obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

> In order to except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

Rembert, 141 F.3d at 280-81. The creditor must prove all elements by a preponderance of the evidence in order to except a debt from discharge. Id. at 281 (citing Grogan, 498 U.S. at 291). Exceptions to discharge are construed strictly against the creditor. Rembert, 141 F.3d at 281 (citing Mfr's Hanover Trust v. Ward (In re Ward), 857 F.2d 1082, 1083 (6th Cir. 1988)).

In the instant matter, there is a genuine dispute of material fact with respect to the first element: whether Defendant obtained money through a material misrepresentation that Defendant knew was false. While Plaintiff alleges that Defendant received the funds from Bruce Wright, Defendant denies such allegation and has affirmed through his affidavit that he never received any funds from Bruce Wright. Given that there is a genuine dispute of material fact, summary judgment is not appropriate.

With respect to the remaining elements necessary for a finding of nondischargeability under § 523(a)(2)(A), Plaintiff has not set forth any facts to establish Defendant's intent, Plaintiff's reliance on the false representation, and whether its reliance was the proximate cause of loss. Plaintiff has not met its burden of proof on these issues and, accordingly, summary judgment is not appropriate.

An order will be entered simultaneously with this opinion.

3

#     #     #

**Service List:**

Jamie M. Nagle
Weltman, Weinberg & Reis, Co., L.P.A.
323 W Lakeside Ave
Suite 200
Cleveland, OH 44113

John H Hornbrook
1400 N Market Ave
Canton, OH 44714-2608

Brian Wright
7016 Roswell Road SW
Sherrodsville, OH 44675

4